**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BOBBY PRICE,** *Plaintiff* | § | |
| **V.** | § | **CIVIL ACTION NO. ________________** |
| **ALTERRA EXCESS & SURPLUS INS. CO.; FIRST INSURANCE; FIRST ANTLERS BANCORPORATION, INC.; MIDLANDS MANAGEMENT OF TEXAS, INC.; AND RISK PLACEMENT SERVICES, INC.,** *Defendants* | § | **Jury** |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Alterra America Insurance Company ("Alterra")[1] files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

### PROCEDURAL BACKGROUND

1. On or about February 9, 2015, Plaintiff filed Plaintiff's Original Petition in the matter styled *Bobby Price v. Alterra Excess & Surplus Insurance Company, et al.*, Cause No. DC-C201500099; in the 18th Judicial District Court of Johnson County, Texas ("State Action"). This is an insurance procurement and coverage lawsuit in which Plaintiff alleges that its insurer, Alterra, improperly denied coverage for Plaintiff's theft claim, or, in the alternative, that the

[1] Alterra America Insurance Company was misnamed in Plaintiff's Original Petition as "Alterra Excess & Surplus Insurance Company." As Exhibit F to the Original Petition shows, the policy at issue is an Alterra America Insurance Company policy.

remaining insurance agent defendants failed to procure the correct coverage in the policy at issue. Plaintiff requested a jury trial in its Original Petition.

## BASIS FOR REMOVAL

2. Removal is proper under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446. There is complete diversity of citizenship and the amount in controversy is above the required limit.

3. In Plaintiff's Original Petition, Plaintiff states that he is seeking damages in excess of $200,000. Accordingly, the amount in controversy exceeds the jurisdictional removal requirement of $75,000.

4. Upon information and belief, Plaintiff is a resident of the State of Texas.

5. Upon information and belief, Defendant First Insurance is an Oklahoma corporation with its principal place of business in Oklahoma.

6. Upon information and belief, Defendant First Antlers Bancorporation, Inc. ("First Antlers") is an Oklahoma corporation with its principal place of business in Oklahoma.

7. Upon information and belief, Defendant Risk Placement Services, Inc. ("RPS") is an Illinois corporation with its principal place of business in Illinois.

8. Defendant Alterra America Insurance Company is a Delaware corporation with its principal place of business in Virginia.

9. Upon information and belief, Defendant Midlands Management of Texas, Inc. ("Midlands") is a Texas corporation with its principal place of business in Texas. However, Midlands has been improperly joined and its citizenship must be disregarded for purposes of removal.

10. Though diversity jurisdiction requires complete diversity of the parties, a case involving a non-diverse defendant may nevertheless be removed to federal court if it is

established that the nondiverse defendant was improperly joined. *Pharos Capital Grp., LLC v. Nutmeg Ins. Co.*, 999 F. Supp. 2d 947, 951 (N.D. Tex. 2014) (citing *Ridgeview Presbyterian Church v. Phila. Indem. Ins. Co.*, No. 3:13–CV–1818–B, 2013 WL 5477166, at *2 (N.D. Tex. Sept. 30, 2013) (J. Boyle); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir.2004) (en banc)). Defendants are considered improperly joined when there is no reasonable possibility that a plaintiff will be able to establish a cause of action against them. *Patton v. Adesa Texas, Inc.*, 985 F. Supp. 2d 818, 821 (N.D. Tex. 2013) (citing *Smallwood*, 385 F.3d at 573). To determine "whether the complaint states a claim under state law against the in-state defendant," the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Smallwood*, 385 F.3d at 573. In other words, the failure to specify a factual and legal basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely pleading a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). "Specific actionable conduct" must be alleged. *See Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011)).[2]

11. Here, Plaintiff makes no factual allegation that is specific to Midlands. Instead, Plaintiff generally groups First Insurance, First Antlers, Midlands, and RPS together as the middlemen between Plaintiff and Alterra, and then alleges in conclusory fashion that Midlands

[2] *See also Gonzales v. Homeland Ins. Co. of New York*, Civ. A. No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.*, Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D. Tex. March 25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.*, Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (S.D. Tex. March 16, 2001)).

"obviously" must have acted wrongfully at some unspecified time, in some unspecified way. There is simply no factual allegation of specific wrongdoing by Midlands on which the Court could find a "reasonable" basis for predicting recovery against the defendant. For that reason alone, Midlands is improperly joined and removal is appropriate. *See* Pl. Orig. Pet. at ¶ ¶ 33-36.

12. In addition to the lack of factual basis for recovery, Plaintiff has presented no legal basis for recovery. Plaintiff states negligence[3] and Texas Insurance Code[4] causes of action against Midlands based on the conclusory allegation that Midlands somehow, someway failed to procure the insurance coverage that Plaintiff allegedly requested or to inform Plaintiff that it was unable to do so. There are several flaws with Plaintiff's claim on the face of Plaintiff's Original Petition.

13. First, Plaintiff has not pled facts that would support a finding that Midlands had a legal duty directly to Plaintiff. Indeed the facts that *are* alleged demonstrate that Midlands had no direct contact with Plaintiff, instead acting solely as a middleman that did in fact pass along coverage information to Plaintiff's retail agent, First Insurance/First Antlers. *See* Pl. Orig. Pet. at ¶ 33. Further, in Texas an insured is charged with knowledge of the contents of its policy of insurance, *Rogers v. CSOP*, 513 S.W.2d 113 (Tex .Civ. App.—Fort Worth 1974, writ ref'd

[3] The elements of a negligence cause of action are (1) the defendant owed a legal duty to the plaintiff, (2) the defendant breached that duty, and (3) the breach was a proximate cause of the plaintiff's personal injury or property damages. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002).

[4] The elements of a cause of action under Texas Insurance Code chapter 541 are the following:

1. The plaintiff is a "person" as defined by Texas Insurance Code §541.002(2).
2. The defendant is a "person" as defined by Texas Insurance Code §541.002(2).
3. The defendant engaged in an act or practice that violated:
   a. Texas Insurance Code chapter 541, subchapter B,
   b. Texas Business & Commerce Code§17.46(b), and the plaintiff relied on the act or practice to its detriment, or
   d. a tie-in provision of the Texas Insurance Code.
4. The defendant's act or practice was a producing cause of actual damages.

*See* Tex. Ins. Code §541.001 et seq.; §544.001 et seq.; §843.001 et seq.; §1501.001 et seq.; *Crown Life Ins. v. Casteel*, 22 S.W.3d 378, 383 (Tex. 2000); *Provident Am. Ins. v. Castaneda*, 988 S.W.2d 189, 193 (Tex. 1998); *Allstate Ins. v. Watson*, 876 S.W.2d 145, 147 (Tex. 1994); *Vail v. Texas Farm Bur. Mut. Ins.*, 754 S.W.2d 129, 132-33 (Tex. 1988); *Royal Globe Ins. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 691 (Tex. l979).

n.r.e.), and an agent has no duty to explain the terms and conditions of coverage to an insured. *Frith v. Guardian Life Ins. Co.,* 9 F.Supp.2d 744, 745 (S.D. Tex. 1998); *Burton v. State Farm Mut. Auto. Ins. Co.,* 869 F. Supp. 480, 485 (S.D. Tex. 1994), *aff'd,* 66 F.3d 319 (5th Cir. 1995); *Heritage Manor of Blaylock Properties, Inc., v. Petersson,* 677 S.W.2d 689, 691 (Tex. App.–Dallas 1984, writ ref'd n.r.e.). Here, based on Plaintiff's pleadings, there is no dispute that Plaintiff was capable of and legally charged with understanding the coverage provided. Therefore, as a matter of law, Midlands could not have breached any duty to keep Plaintiff informed even if it had made direct representations to Plaintiff or withheld information.

14. Second, Plaintiff has not pled any facts to show that Midlands breached the alleged duty to inform Plaintiff that the requested coverage had not been procured. Again, the facts that are alleged demonstrate that Midlands acted solely as a middleman and did in fact pass along coverage information to Plaintiff's retail agent. *See* Pl. Orig. Pet. at ¶¶ 25-26, 33.

15. Third, Plaintiff has alleged no facts that might possibly show that any action by Midlands caused Plaintiff's alleged damages. In order to establish causation of damages, a plaintiff must establish the availability of an insurance policy that would have provided the requested coverage. *Metro Allied Ins. Agency, Inc. v. Lin*, 304 S.W.3d 830 (Tex. 2009). If no policy would have provided the requested coverage, then a failure to procure insurance cannot be proven. *Trinity Universal Ins. Co. v. Burnette*, 560 S.W.2d 440 (Tex. Civ. App.–Beaumont 1977, no writ). Here, Plaintiff has not alleged that some other coverage was actually available to it, and the facts that are alleged show that Alterra was consistently willing to write only the coverage that was actually issued. *See* Pl. Orig. Pet. at ¶¶ 4, 5, 30, 33-35.

16. In sum, Plaintiff has made no factual or legal allegations on which the Court could find a reasonable basis to predict recovery against Midlands. Accordingly, Midlands is

improperly joined and removal is appropriate because complete diversity of citizenship exists between Plaintiff and the properly-joined defendants.

## THE REMOVAL IS PROCEDURALLY CORRECT

17. Plaintiff served Alterra with process through the Texas Department of Insurance on March 30, 2015, Alterra received notice of the suit on April 6, 2015, and notice that the Texas Department of Insurance had been served on April 23, 2015. Accordingly, this Notice of Removal is timely. 28 U.S.C. §1446(b).

18. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.

19. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

20. Defendant Risk Placement Services does not oppose this removal. [Exhibit K].

21. Defendant Alterra has contacted counsel for Defendants First Insurance and First Antlers in order to obtain their consent for this removal in compliance with 28 U.S.C. § 1446(b), but have yet to receive a response.

22. Because Defendant Midlands is improperly joined as a defendant in this action, its consent is not needed to comply with 28 U.S.C. § 1446(b). *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007); *Bedford Internet Office Space, LLC v. Travelers Cas. Ins. Co*., 2013 WL 3283719, at *2 (N.D. Tex. June 28, 2013).

23. Pursuant to 28 U.S.C. §1446(d), promptly after Alterra files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

24. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Johnson County, promptly after Alterra files this Notice.

## CONCLUSION

25. Based upon the foregoing and the other documents filed contemporaneously with this Notice, all fully incorporated herein by reference, Defendant Alterra America Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Jamie R. Carsey*

Jamie R. Carsey, *Attorney-In-Charge*
Texas State Bar No. 24045620
*E-Mail: jcarsey@thompsoncoe.com*
One Riverway, Suite 1400
Houston, Texas 77056-1988
(713) 403-8210 Telephone
(713) 403-8299 Facsimile

*~ and ~*

Jo Allison Stasney
Texas State Bar No. 19080280
*E-Mail: jstasney@thompsoncoe.com*
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
(214) 871-8274 Telephone
(214) 871-8209 Facsimile

***Counsel for Defendant***
***Alterra America Insurance Company***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the __6th__ day of May, 2015, a true and correct copy of this instrument was forwarded to all known counsel of record using the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure and applicable Local Rules.

*/s/ Jamie R. Carsey*
JAMIE R. CARSEY